Henry E. Hudson, United States District Judge
THIS MATTER is before the Court on non-party Google LLC's ("Google") Motion to Vacate Order and Quash Subpoena ("Google Motion," ECF No. 37), filed on November 22, 2017. On November 9, 2017, Defendant Timothy Scott Wenk ("Defendant") obtained an order and subpoena *829 compelling Google Inc. to produce various content associated with several emails account purportedly belonging to Defendant.[1] Google challenges the order and subpoena as violating the Stored Communications Act, 18 U.S.C. §§ 2701, et seq. ("SCA" or "the Act"). (Google Motion 1). For the reasons stated herein, the Court will GRANT Google's Motion.
I. DISCUSSION
The SCA prohibits service providers from knowingly divulging electronic communications stored under their control, subject to several exceptions. 18 U.S.C. §§ 2702(a) - (b). One such exception provides that a service provider "may divulge the contents of a communication- with the lawful consent of the originator or an addressee or intended recipient of such communication." 18 U.S.C § 2702(b)(3) (emphasis added). The SCA further states that a "governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication" and identifies the various methods that the governmental entity may use to require disclosure including the issuance of a court order by a court of competent jurisdiction. 18 U.S.C. § 2703(a) (emphasis added); see 18 U.S.C. §§ 2703(b) - (d). It is clear that courts do not qualify as "governmental entities," as that term and "courts of competent jurisdiction" are separately define in the Act. 18 U.S.C. §§ 2711(3), (4) ; see United States v. Amawi , 552 F.Supp.2d 679, 680 (N.D. Ohio 2008).
Based upon the plain language of the SCA, service providers such as Google are not required to disclose communications covered by the Act, even when the relevant consent is properly given.[2] Instead, the SCA vests service providers with discretionary authority to disclose once consent is properly given. Further, the Act does not contain a provision detailing the methods with which criminal defendants can require disclosure despite containing such a provision for governmental entities. This one-sided access to the means of obtaining evidence is not unique to the SCA. See United States v. Pierce , 785 F.3d 832, 842 n. 2 (2nd Cir. 2015) (identifying a similar framework with "the search warrant provision of Fed. R. Crim. Pro. 41(b) and the wiretap application provisions of 18 U.S.C. § 2516(1) ). Therefore, under the SCA a criminal defendant cannot couple user consent and a court ordered subpoena to compel disclosure from a service provider.
II. CONCLUSION
After due consideration, and based upon the plain language of the SCA, the Court GRANTS Google's Motion to Vacate Order and Quash Subpoena. (ECF No. 37.)
The Clerk is directed to send a copy of this Order to counsel for Defendant and non-party Google LLC.
It is so ORDERED.

On September 30, 2017, Google Inc. converted from a Delaware corporation to a Delaware limited liability corporation with the name Google LLC. Google LLC is "deemed to be the same entity" as Google. Inc. under the relevant law. (Google Motion 1 n. 1.)

Based on the facts of this case, the Court accepts Google's contention that it lacks reliable means to verify proper consent to be persuasive.